IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY HORNE #180206, )
    PETITIONER, )
)
VS. ) CIVIL ACTION NO.1:06-CV-968-WKW
)
GWENDOLYN MOSLEY, Et al; )
    RESPONDENT. )

RECEIVED
2006 NOV 17 A 9: 42
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**MOTION TO AMEND BRIEF AND ARGUMENT SUPPORTING**
**FEDERAL HABEAS CORPUS PURSUANT TO 28 U.S.C.§ 2254**

    Comes now, the petitioner Gary Horne, by and through himself in the above and entitled cause and moves this Court to add amended argument to petitioners brief; he states for following reasons:

(1) Petitioner believes that his amending to his brief will help this Court come to a quicker decision.

(2) The petitioner is not jurisprudent in the science and skill of law.

(3) The law library is frequently closed due to cancellations of yard/gym call.

(4) The law library only has one operable typewriter for approximately 1400 prisoners.

(5) This Honorable Court nor the Attorney General will not be prejudiced by accepting this amended brief.

    ENHANCEMENT OF BRADY CLAIM ARGUMENT:
        JUDGE VANZETTA PENN McPHERSON:

    The United States Supreme Court held, and Judge Cobb on the Criminal Court of Appeals agreed and states the reason why she affirmed petitioners conviction,"unless a criminal

defendant can show bad faith on the part of the police,failure to preserve potentially exculpatory evidence does not constitute a denial of due process.

The Court explained its holding as follows:
We think the Due Process Clause requires a different result when we deal with the failure of the state to preserve evidentiary material of which no more can be said than that it could have been subjected to test,the result of which might have exonerated the defendant.Part of the reason for the difference in treatment is found in the observation made by the Court in[CALIFORNIA V.]TROMBETTA,that"whenever potentially exculpatory evidence is permanently lost,courts face the treacherous task of divining the import of materials whose contents are unknown and,very often,disputed.Part of it stems from our unwillingness to read the"fundamental fairness"requirement of the Due Process Clause,<u>**LISENBA V.CALIFORNIA**</u>,as imposing on the police an undifferentiated and absolute duty to retain and preserve all material that might be of conceivble evidentiary significance in particular prosecution.In petitioners case we actually filed for a Motion to Preserve clearly explaining the reason why and Judge McGlaughlin had given the state an order to give us all evidence recovered from the scene. The United States Supreme Court believes that requires a defendant to show bad faith both limits the extent of the police,s obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly requires it,i.e.,those cases in which the police themselves,by their conduct indicate that the evidence could

form a basis for exonerating the defendant"Youngblood,Justice Stevens wrote:"Although it is not possible to know whether the lost evidence would have revealed any relevant information, it is unlikely that the defendant was prejudiced by the state,s omission.In examing witnesses and in her summation,defense counsel impressed upon the jury the fact that the failure to preserve the evidence and that the state could have conducted test that might well have exonerated the defendant.[The jury was not enlighten on this in petitioners trial]More significanitly,this trial judge instructed the jury:"If you find that the state has...allowed to be destroyed or lost any evidence whose content or quality are in issue,you may infer that the true fact is against the state interest."As a result,the uncertainty as to what the evidence might have proved was turned to the defendants advantage.[This did not take place in the petitioners trial either,the jury knew nothing about the 40 caliber bullet,40 caliber gun,and photographs of that they was lost...much less that they could of tested it to exonerate petitioner.More singificantly,during jury deliberations the jury called petitioner,his counsel,the judge and the stenographer into the deliberating room.They asked us if a bullet was found and the judge would not allow the petitioner to answer the question.Its apparent from that one question that they was inquiring why we didn,t test the 40 caliber gun that Dassinger got from the victim that was in the Ozark Police Dept.custody,to the 40 caliber bullet that was collected at the scene and packaged and indentified for evidence in this case.Its obvious that petitioners lawyer could have and should

3.)

have brought these facts up to the jury but he didn,t]"In declining defense counsel and the courts invitation to draw the permissive inference in Youngbloods case,the jurors in effect indicated that,in their view,the other evidence at trial was so overwhelming that it was highly improbable that the lost evidence was exculpatory.[In petitioners case the only evidence I was found guilty on the lesser-included charge of assault 2nd was the victims word and his wife,against mine.Paying close to what the victim said;he said when I got out of the car,he could see a gun in the petitioners waistband.How could he see a gun when I had on a gray-long sweatshirt that covered my waist? More significantly,he then stated that petitioner pushed him and then he punched petitioner.Who punches a man when they know he has a gun? It doesn,t make sense.The truth to the situation is that he lured petitioner over claiming to come get his sister for revenge for breaking in between their fight earlier and pushing him in front of his wife. Petitioner had no reason to shoot Mr.Williams;petitioner has never gotton upset with or involved with Mr.Williams or Shaniece,s fights unless invited to try a mediate.Mr.Williams history of violence is printed out on a 6-foot sheet of paper, cause petitioners counsel had it]In <u>TROMBETTA,</u>this court found no due process violation because the changes were extremely low that preserved breath samples would have been exculpatory. In <u>YOUNGBLOOD</u>,the jurors has already performed this calcus based on its understanding of the evidence introduced at trial; the other evidence that was lost wouldn,t of made a difference, he still was the kidnapper.Presumably in a case involving a

4.)

closer question as to guilty or innocence[like petitioners], the jurors would have been more ready to infer that the lost evidence was exculpatory thus material.

"Evidence is material"if there is a reasonable probability that,had the evidence been disclosed to the defense,the results of the proceeding probably would have been different."

Judge McGlaughlin stated at the beginning of the Motion to Dismiss hearing that,"there really can,t be a Brady violation until after petitioners case has been tried and then prove that they withheld evidence that might have aided the defense"Transcript-2 aside from the more general strictures imposed by **BRADY,**it is certainly not applicable to the present case here,where proof of the withholding or loss was adduced prior to trial by the admission of the same law enforcement officers who had possessed and then lost the evidence.There was no need to prove at trial what the state freely admitted prior to trial;this rationale grounded the previously filed Writ of Mandamus Petition;filed by petitioner on Dec.30,2004.

## Conclusion

Thus petitioner has demonstrated that his case does not fall in cases like Youngblood,Trombetta,or **HOLLOY V.STATE.** It is clearly shown that the officers acted in bad faith in loosing this evidence which was asked to be preserved early in this case.It has been shown that the evidence in question more thabn likely would of been exculpatory this making it very material and making the petitioners trial fundamentally unfair.The judges reviewing this case plainly erred in not dismissing this case;this evidence was clearly favorable to

5.)

petitioner.

To say that evidence is "exculpatory" does not mean that it benefits the defendant in every regard or that the evidence <u>will</u> result in the defendants acquittal. Rather, the preliminary inquiry in a Brady claim has always been whether the evidence in question is "favorable" to the accused, **U.S. V. HOWELL.** That the information withheld may seem inculpatory on its face in no way eliminate or deminshes the government [BRADY] duty. United States Courts of Appeals Brady cases that benefits petitioner:

BAILEY V. RAE (9th.Cir.2003)    GONZALES V. McKUNE (10th.Cir.2001)

COLLIER V. DAVIS (7th.Cir.2002)    CONE V. BELL (6th.Cir.2001)

VILLASANA V. WILHOIT (8th.Cir.2004); BURTON V. DORMIRED (8th.Cir.2002)

RESPECTFULLY SUBMITTED,

*/s/ Gary Horne*
GARY HORNE PRO SE
180206  7A-62
EASTERLING CORR. FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

### CERTIFICATE OF SERVICE

I hereby certify that on 15th day of November, 2006, I have served a copy of the above Motion To Amend Brief and Argument Supporting Federal Habeas Corpus Pursuant to 28§U.S.C.2254 upon TROY KING, ATTORNEY GENERAL, 11 South Union St., Montgomery, Alabama 36130, via U.S. MAIL, postage pre-paid and properly addresses.

*/s/ Gary Horne*
GARY HORNE