IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY HORNE, #180206 )
    PETITIONER, )
)
VS. ) CIVIL ACTION NO: CV-968-WKW
)
GWENDOLYN MOSLEY, Et,al., )
    RESPONDENT. )

RECEIVED

2006 NOV 30 A 9: 49

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MOTION TO AMEND BRIEF AND ARGUMENT SUPPORTING FEDERAL HABEAS CORPUS PURSUANT TO 28 U.S.C.§2254

Comes now, the petitioner GARY HORNE, by and through himself in the above and entitled cause and moves this Court to add amended brief for following reasons:

(1) Petitioner believes that amending his brief will help this Court come to a quicker decision.

(2) This Honorable Court nor the Attorney General will be prejudiced by accepting this amended brief.

    ISSUE: Whether the Trial Court Abused Its Descretion by Invocation of the Habitual Felony Offender Act, Resulting In Illegal Sentence.

ANSWER: YES

The petitioner was sentenced illegally in that the invocation of the Habitual Felony Offender Act(§13A-5-9, CODE OF ALABAMA 1975, referred alternatively herein a "HFOA") was an improper abuse of the Trial Court,s descretion. The Constitutional, statutory, and case legal authority on the subject of proper invocation is copious, clear, and unwavering concerning the states duty to provide to a defendant prior notice of any prior conviction it intends to use to enhance the sentence-imposed upon the defendant. No such prior notice was provided to the petiti-

oner;oral or written prior to the sentencing hearing.

Rule 26.6(b)(3)(ii),ALABAMA RULES OF CRIMINAL PROCEDURES, STATES:"At a reasonable time prior to the[sentencing]hearing, the defendant shall be given notice of the prior convictions upon which the state intends to proceed."Describing the type of notice required before the HFOA can be invoked,the Supreme Court of Alabama held in **CONNOLLY V.STATE**,602 So.2d.452,454 (ALA.1992),For the HFOA to apply to a particular sentencing, this state must give reasonable notice,prior to the sentencing hearing,of the State,s intention to proceed under the HFOA. In the instant case the petitioner has never confessed to any prior conviction-it should be noted that petitioner,s counsel was not provided copies of these convictions either at the hearing or at any time before the hearing,or indeed at any timr thereafter.The document actually listing the felonies,the "Circuit Criminal Case Action Summary"[States-Ex.-4]was viewed for the very first time by petitioner when petitioner recieved the record on appeal in this case.The State to this day has never provided the petitioner with a copy of this document, which itself is arguably violative of the terms of the HFOA, which holds as proof as prior felonies.In the instant case petitioner had no knowledge of the specific felonies subsequently found in the record on appeal until after the commencement of the sentencing hearing.

A sentencing hearing was conducted on July 13,2005,at which petitioner objected to the introduction of certified copies of convictions by the state,s representive,Mr.Stephen Smith,and objected and denying that he gave counsel oral notice before trial that the state intended to invoke the HFOA.Assuming he did give petitioners counsel oral notice,which he

did not do,but assuming he did...he still did not say what prior convictions they intended to use which violative of **ALABAMA RULES OF CRIMINAL PROCEDURES,**26.6(b)(3)(ii)and the constitution of Alabama and the United States.The following exchange is worthy of inclusion here:

   Mr.Smith:we do have certified copies of Mr.Horne,s prior convictions and we would offer them for the record.

   Mr.Nickson: I would object to them Your Honor.I did not get prior notice of these whatsoever.

   Mr.Smith:Those were filed on Monday or Tuesday,but in many discussions regarding a plea in this matter,it was known to the attorney in our discussion that Mr.Horne had two prior felonies.During the first day of trial we had discussions in which Mr.Nickson was advised that the defendant had two prior felonies and we filed a notice and mailed them to him on Monday.

   Mr.Nickson:I never recieved any intent of prior convict- ions whatsoever.I still have not recieved any.

   The Court:They were filed in-notice of habitual offender status and copies were sent to you on Monday.

   Mr.Nickson:And as of this day,I have not recieved it.

   The Court:Well,I find that he has had two prior felonies convictions.

   Mr.Nickson:I will object on that based on failure to notify of intent."TR-113"

   Although the state argued,and the Trial Court agreed,that the notice had been filed on Monday 11 July,2005 the document itself,as well as the envelope in which it was mailed(on 13 July 2005)shows this to be patently false.Its also apparent from this transcribe at the sentencing hearing that the Judge

found that I had been given notice from this document claiming to have been mailed out Monday according to State,s represenative Stephen Smith,his own words say this;but we catch him telling a lie in open court.How could you have mailed it on 11 July 2005 and it wasn,t filed until 12 July 2005,and the envelope showed that it wasn,t mailed out until after the sentencing according to the postmark date on the envelope, dating it 13 July 2005.My lawyer did not recieve it until Friday 15 July,2005.The Court obviously did not buy Mr.Smith claiming that he gave oral notice because there is no record of it on the 16th.May,2005 when he"claims"to have told my lawyer this but the courts trial transcript does not support this and my lawyer denies even ever talking to Mr.Smith but he talk to another represenative while it was at district court level and nothing was said about any priors nor plea.Its been proven that Mr.Smith told a lie in open court at the sentencing hearing.Alabama Rules of Criminal Procedures,**RULES OF EVIDENCE 410(4)**unambiguosly prohibits plea talks even if it was proven by the State that this talk took place but they can,t prove it and the law and record supports petitioners claim.Why belately mail written notification if the state met its notice obligation at a plea deal?The law does provide the defendant with notice so that he may investigate the allegations.The law require precisely what it says in the rules,the HFOA,and the judicial construction thereof.Under no viewing of the facts in the record were those requirements met in the instant case. Again,petitioner had no time nor oppertunity to dispute the existence of any prior felonies prior to the sentencing hearing other than objecting.

## CONCLUSION

It is this finding by the Trial Court of proper notice, where no valid notice whatsoever exists or is disclosed in the record,that is an abuse of the discretion imparted to the trial court in **CONNOLLY.** If all a State,s represenative have to do at the sentencing hearing is tell the court that he gave the petitioners counsel notice that they intended on invoking the HFOA and what the felony,s they intended to use;then there is no need for the rule.The burden of proof is on the state to show the court that they gave the notice and what felony,s they would use before the sentencing hearing.No where in the record before the sentencing hearing can the state show where petitioner was given notice in this case.Petitioners counsel denied ever even talking to Mr.Smith at a plea deal and the record before trial or at trial or indeed anytime after trial, do not show any proof of notice...so we never had time to investigate or dispute these so called convictions.For these reason the petitioner should be re-sentenced for a class c felony 1-10 years or if petitioner has other felonies;they can invoke the act using new felonies as long as its in the lawful manner.

## CERTIFICATE OF SERVICE

I hereby certify that on _28_ day of _NOVEMBER_,2006,I have served a copy of the above Motion To Amend Brief and Argument upon Troy King,Attorney General,11 South Union St.,Montgomery, Allabama 36130,via U.S.mail, postage prepaid and properly addressed. _/s/ Gary Horne_

Gary Horne