IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Gary Horne #180206
Petitioner

RECEIVED

2007 JAN -4  A 10: 02

Vs.                                           Case No:1:06 CV-968-WKW

GWENDOLIN MOSLEY, et. al.,
Respondent.

### THE PETITIONER OBJECTION TO THE STATES ANSWER FILED ON 12/20/06.

Comes Now, The Petitioner, Gary Horne, moves into this Honorable Court, objecting to the states answer to his habeas corpus. The Petitioner submit the following in support of his objection:

Did the state violated the Brady vs.Maryland 373 U.S. 83, 84 S.Ct.1194 10 L.Ed 2d 215 (1963) made in the petitioner trial by withholding evidence at pre-trial and at the trial, that fundamentally render him an unfair trial. The State withheld the evidence in "BAD FAITH", the 40 Caliber gun, 40 caliber bullet and photographs? The Petitioner answer yes.

On 3-3-04, The Petitioner, Gary Horne, was indicted by the Dale Co. Grand Jury for Attempted Murder Exhibit A (C.84-85) but was found guilty of the least included offense of Assault 2nd Degree Exhibit A (C.2-3-). Horne filed a request for discovery and a demand for a preliminary hearing on 3-29-04. See Exhibit (A.0-001). Horne filed a Motion To Compel Production of Discovery on 5-14-04, Exhibit A(46-47) which was granted. The State had failed to comply with the Judge Discovery order. Exhibit A.(31-32). So its clear that this suppression or withholding evidence for the whole trial, render the petitioner an unfair trial. On 9-3-04, Horne moved to dismiss the charges against him, arguing that the state had lost or are withheld evidence that was to crucial to this defense. The State did not objeted

PAGE 1

to the motion filed by the petitioner. See Exhibit A(C.95-97 RS.2) Specifically, Horne argued that the State had lost a bullet which was "Strongly Believed" to have been shot from a gun allegedly sold by the Victim, John Williams, John Williams Dassinger, a couple of weeks shortly, after the basis for the prosecution against Horne had allegedly committed. See Exhibit A(C.95- RS.2 2-12-16). The Petitioner argues that the photographs taken of the sence were unavaible. See Exhibit A(C.96 RS.2 13-15). Judge McGlaughline denied Horne's Motion to Dismiss on 12-16-04, was without opinion. See Exhibit A(C.2) Horne also filed Motion to preserve the evidence in John Williams Dassinger case (The 40 Caliber Gun) on April 27,2004, explaining the necessity to the District Attorney and Judge on why its "Crucial" to my defense. See Exhibit B last 2 Pages.

   Horne was tried before a jury, beginning on May 16,2005. Exhibit (R.1-111). On May 18,2005, The Jury found Horne guilty of the lesser included offense of Assault 2nd Degree. Exhibit A (C.2). On July 13,2005, Judge McGlaughlin Sentenced Horne according to the Habitual Felony Offender Act ("HFOA") based upon two prior felonies to Twenty-Two years imprisonment. See Exhibit A (C.2.; R.123-124). Horne, through his attorney filed an objection to the State alleged, that they failure to give him sufficient notice of the two prior felonies used to enhance his sentence. See Exhibit A (R.112-114). Judge McGlaughlin ruled that the State had given sufficient notice of the two felonies. Horne filed a Motion for New trial and Motion to Vacate Sentence on July 28,2005 which Judge McGlauhlin after a hearing on 8-4-05, denied them botrh on 8-19-05. Exhibit A (C.8-9 R 125-142.

## REASON WHY WRIT SHOULD BE GRANTED

The main issue raised in this petition involves the failure of the state to provide requested potential exculpatory evidence to the petitioner; a 40 Caliber Gun which was requested to be preserved "early" in this case; a 40 Caliber Bullet and photographs of the sence. It is the contention from the very night of this accident that the victim in this case, John Williams, actually had possession of the weapon with which he was shot with. And was in fact shot after he drew the gun on petitioner; a struggle over the gun and in the struggle over the gun, it discharged striking Mr.William, the victim in his side.

The Facts in the case demonstrates that officer Keith Cauthen prepared the incident report which states on the first page thereof that the weapon used in the shooting was a 40 caliber handgun. See Exhibit 4 (box 59) This report was filed the day after the accident on 1-16-04. The State knew what caliber gun was used from day one, and also ▮▮▮ the 40 Caliber bullet was recovered on this date. Mr.Dassinger stayed two apartment down from Mr. Williams, so when Mr.Williams got out of the hospital on 1-22-04, Mr.Dassinger said that he purchased the gun that weekend for a $100.00. Mr.Dassinger got caught with the 40 Caliber Gun in April of 2004; through an investigation with a private investigator, The Petitioner counsel found out about this 40 Caliber Gun and met with Mr.Dassinger. After meeting with him, the petitioner counsel believed that this was the same 40 caliber gun used in the accident according to the petitioner version of what happened on the day of the accident, according to the uniform incident report. See Exhibit 4 (box 59). This 40 Caliber handgun was now in OPD custody as of April of 2004. On April 27,2004, The Petitioner counsel filed a Motion to

PAGE 3

preserve evidence, Exhibit B (last 2 Pgs), giving specific details why the D.A. was obligated to turn over this gun, but they " never did" this, instead of having the police detectives give us the 40 caliber gun [Cause we want to run ballistics with the 40 caliber bullet or shell casing that was taken from the scene]. Instead the D.A. ignored the motion and allowed the police Dept. to send the 40 Caliber handgun back to it owner; a probation/ parole officer in Georgia. See Exhibit A (C.96;RS2. 12) <u>This constitutes an acted of bad faith by the State and OPD</u>, Lt.Rex Tipton, is the agent who actually recovered the 40 caliber bullet from the scene, Ex.A (C-96;RS2 5.6.). He was subpoened to be at the petitioner trial and the D.A. said he would be there (Exhibit A.11 Pg.97), On Wedensday. But he did not show up. This was crucial to petitioner defense, Because he was to testify in the jury's presence to finding the 40 caliber bullet. See Exhibit V.I Pg.96. After the petitioner trial was over the jury requested for the petitioner to come into the deliberating room. They had two question for the petitioner: "If there was a Bullet Found at the scene? And if (it) was in the State/police possession?" See Exhibit A V.I. _RS3_ pg.7); But the judge would not allow the petitioner to answer the jury questions about the bullet. So petitioner not having this 40 caliber bullet and Lt.Rex Tipton <u>Not</u> showing uo like he was subpoened too; made the petitioners trial fundmentally unfair and it highly prejudiced the petitioner.  The <u>Youngblood</u> majority acknowledged that the good bad faith of the State/Police was _iRRElEvaNt_ when the State/Police failed to disclose evidence that had been determined to have been <u>material</u> to the petitioners case and exculpatory. We can now see by the jury's two questions that this 40 caliber bullet, that the state/police admitted prior to trial _lnsiNg_ it; was vory, very material and exculpatory,

PAGE _4_

to say that evidence is "Exculpatory" does not mean that it will result in the defendants acquittal. When the preliminary inquiry in a Brady Claim has always been whether the lost evidence in question is "favorable" to the accused. U.S. Vs. Howell 231 F.3d.618-625. That the information/ Evidence withheld may seem inculpatroy on its face in no way eliminates nor deminishes nor relieves the State/ Police of its (Brady) duty. SO it has been proven that petitioner has meet the YoungBlood standard with this lost evidence, and it has been provened that this 40 Caliber gun was concealed and not given to, not preserved in a bad faith manner by the State Not honoring the Motion to preserve evidence which was filed on 4-27-04 a year and a month before trial. Petitioner counsel did not concede on direct appeal. that the State's loss of this evidence did not involve any bad faith. Petitioners Counsel stated "While the loss of the potentially exculpatory evidence seems in this instance to be truly inadvertent it was inarguable negligent." This one sentence does not say " There was no bad faith". It simply means that he don't know but petitioner has proven it was in bad faith. To see that there was bad faith, you had to see it from an appellate view. The Petitioner case is no way governed by Arizona vs.Youngblood; stating petitioner was not entitled to any relief due to the state/police inadvertent loss of evidence when the state did not seek to introduce such evidence in its case-in- chief. This is totally without merit. Why would they seek to use evidence thats showing to be favorable to the petitioner? Petitioner case is totally different from start to finish then Youngblood; reference made to petitioner amended enhanced Brady claim filed in this court on 11-17-06 (Court Doc.No#8). The Petitioner squarely stay arguing his original argument along "BAD FAITH" in lossing or withholding this evidence. This evidence was not lost in its customary everyday procedures at the police

PAGE 5

Dept. Evidence had to be logged in and out; this Rex Tipton, Martin Spears and Butch Whittington; all three agents acted in "BAD FAITH" in handing the bullet and photographs.

By the State/Police not doing what the "Motion to Preserve" asked; clearly shows BAD FAITH; ill will, malice, intent to cover up and design; improper methods. My case is the only case that "Mysteriously" had evidence missing in 2004.

Title 28 U.S.C. Section 2254(d) Provides for the standard under which a federal habeas court should review a state court's application of federal law:

> (d) An application for a writ of habeas corpus on behalf of a person in custody presudent to to judgement of a state court shall not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim----

(1) Resulted in a decision that was contrary to, involved an unreasonable

application of clearly established Federal Law, as determined by the Supreme Court of United States: or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

The Petitioner case meet both prongs dealing with both issues. This is clearly a Brady Violation making petitioners trial "Fundamentally Unfair". The State Court Judges reviewing my case and the trial judge based their decisions on an unreasonable determination of the facts in light of the evidence presented to them and resulted in a decision that was contrary to, or invloved an unreasonable application of clearly estblished federal law; petitioner should be granted relief.

## ISSUE II

The State claims that the petitioner did not present clear and convincing evidence that he did not received oral notice. The burden of rebutting the presumption of correctness by clear and convincing evidence is upon the petitioner. Just as I showed with the Brady Claim, Petitioner will show he received no notice at a plea disscussion. The State cannot show in the record where oral notice was given and they have admitted that they mailed the written notice after sentencing; but why be lately mail a written notice if the state had met its obligation at a plea disscussion? The reason why is becuase the petitioner counsel never talk to Mr.Smith the D.A. about anything dealing with the HFOA or anything dealing with a plea. The State claim that my counsel did not dispute the allegations of the plea talk. What exactly was he suppose to say, as soon as the State representative Mr.Smith D.A. said he had this talk about a plea and that they

PAGE 7

sent a letter Monday. My Counsel said " I never received any intent of prior-convictions whatsoever. I still have not received any before the filing of his motion to this Honorable Court on Nov.28,2006. (Court Doc.No.12).

This one sentence disputes exactly what it says... I never recevied anything. Never means nothing, none; received means took in, I got it, received; and any mean without. Rule of Evidence 410 (4) means exactly what it says: Let me quote it verbatim: "Except as otherwise provided in this rule, evidence of the following is "Not", in "Any" Civil or Criminal Proceedings, admissable against the defendant who made the plea or was a participant in the plea discussions:

(4) Any Statement made in the course of plea disscussions with an attorney for the prosecuting authority which do not result in a plea of gulity or which result in a plea after withdrawn.

It say nothing about this Rule is used as merely a rule of evidence making such plea negotiations inadmissable as substantive evidence of guilt at trial. The state wants to be able to make the law say what they want it to say and to make my counsel objection that he never receive any intent of prior convictions whatsoever to sound like what they want it to sound like. My Counsel objected and that sentence covered everything Mr.Smith (D.A.) said. The Petitioner was not aware of his prior convictions nor did he or I recevie a pre-sentence report until about 3min before the commencment of the sentencing hearing which petitioner had to go get own his own. The State is not under law to provide the petitioner with this pre-sentence report. But they are under law to give petitioner reasonable notice prior

PAGE 8

to the sentencing hearing that they plan on invoking the HFOA and what thoes felonies are- This "Never" happened in this case. In no way does this case falls in the realm of U.S. vs.O'neal 180 F.3d 115, 125-126 (4th Circuit 1999). Oyler vs.Boles 368 U.S. 488, 7 L.Ed 2d . 466, 82 5 Ct. 501; Reynolds vs.Cochran 365 U.S. 525, 5 L.ED.2d 754, 81 S. Ct. 723; Chandler vs.Fretag 348 U.S. 3, 99 L.Ed.2d 4, 75 S.Ct.1; are a few cases in support. Accordingly this claim should be granted.

## CONCLUSION

Based on the foregoing authorities and facts, Horne's Federal Habeas Corpus petition should be granted.

Respectfully Submitted,

_Gary Horne_
Gary Horne

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of foregoing upon the Attorney Gerenal , by placing it into Easterling Corr.Fac. Mail Box on 1/02/07
_____.

_Gary Horne_
Gary Horne

PAGE 9

## EXHIBIT"S

All of the Exhibits in the petitioner objection is coming from the Answer filed by the Respondents. The Exhibits are the same Exhibit used in his answer, except Exhibit 4 which is attached to this motion; for some reason the State did not include it in the record.

**EXHIBIT 4**

# ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| | | |
|---|---|---|
| **VICTIM SSN**: | **COMPLAINANT SSN**: | **1** ☐ INCIDENT ■ OFFENSE ☐ SUPPLEMENT **2 CASE #** 0401-0357 **3 SFX** |
| **4 ORI #** 02601 00 | **5 DATE AND TIME OF THIS REPORT** 01 16 04  00:45 ■ MIL | **6 AGENCY NAME** OZARK POLICE DEPARTM **7 IF SUPPLEMENT ORIGINAL OFFENSE DATE** |
| **8 REPORT BY** ☐ VICTIM OR UNKNOWN, | **9 ADDRESS** OZARK, AL 36360 | **10 PHONE** |
| **12 VICTIM (LAST, FIRST, MIDDLE NAME)** WILLIAMS, JOHN  ☒1 ☐2B ☐3S | **13 ADDRESS** 514 EUFAULA STREET OZARK, AL 36360 | **14 PHONE** (334) 545-0147 |
| **15 EMPLOYER/SCHOOL** UNKNOWN | **16 OCCUPATION** | **17 ADDRESS** | **18 PHONE** |

**19** ☐1 RESIDENT ☐2 NON-RESIDENT  **20 INJURY** ☐1 Y ☐2 N  **21 RACE** ☒1 W  **22 SEX** ☒1 MALE ☐2 FEMALE  **23 HGT** 6'00"  **24 WGT** 220  **25 DOB** 07 05 75  **26 AGE** 028  **27 WAS OFFENDER KNOWN TO VICTIM?** ■Y ☐N  **28 VICTIM WAS** ACQUAINTANCE  **29 CODE** 1 8

**30 TYPE INCIDENT OR OFFENSE** ■FEL. ☐MISD. — ASSAULT NON-FAMILY GUN  **31 DEGREE** ①  **32 UCR CODE** 1305  **33 STATE CODE** 013A-06-0020

**34 TYPE INCIDENT OR OFFENSE** ☐FEL. ☒MISD.  **35 DEGREE** 1 2 3  **36 UCR CODE**  **37 STATE CODE**

**38 PLACE OF OCCURRENCE**: O- BUILDING ARROWHEAD APARTMENTS 1298 SOUTH UNION AVE. OZARK, AL 36360  **39 SECTOR**

**40 POINT OF ENTRY**: ☐1 DOOR ☐2 WINDOW ☐3 ROOF ☐4 OTHER  **41 METHOD OF ENTRY**: ☐1 FORCIBLE ☐2 NO FORCE ☐3 ATT. FORCIBLE  **42 ASSAULT**: ☐1 SIMPLE ■ AGGR.  **43 TREATMENT FOR ASSAULT INJURY** ☐Y ☒N

**OCCURRED ON OR BETWEEN** 01 15 04  **45 TIME** 22:15 ☒PM  **46** S M T W T☒ F S  **47 LIGHTING** ☐1 NATURAL ☐2 MOON ☐3 ART. EXT. ☐4 ART. INT. ☐5 UNK.  **48 WEATHER** ☐1 CLEAR ■2 CLOUDY ☐3 RAIN ☐4 FOG ☐5 SNOW ☐6 HAIL ☐7 UNK.  **49 PREMISE** A HWY-ST.-ALLEY, B RAILROAD, C RESIDENCE, D CHURCH, E SCHOOL, F CONVENIENCE, G INDUSTRIAL, H SERVICE STA., I BANK, J DRUG STORE, K APT./TWN. HSE, L SHOPPING CENTER, M PARKING LOT, N OTHER COMMER., O OTHER  **50 CODE**

01 15 04  **52 TIME** 22:20 ☒PM  **53** S M T W T☒ F S

**54 VERIFY FOR RAPE EXAM** ☐Y ☒N  **55 TREAT. FOR RAPE INJURY** ☐Y ☒N  **56 CIRCUMSTANCES** HOMICIDE & ASSAULT  LOCATION: RAPE  **57 CODE** 01

**58 WEAPON USED** ■FIREARM ☐KNIFE ☐HANDS, FISTS, VOICE, ETC. ☐OTHER DANGEROUS  **59 DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE** ■HANDGUN ☐RIFLE ☐SHOTGUN ☐UNKNOWN  DESCRIBE: 40 CAL. HANDGUN

## PROPERTY DESCRIPTION

| 60 QUANTITY | 61 STOLEN, RECOVERED, LOST, FOUND OR DESTROYED | 62 DOLLAR VALUE STOLEN | DAMAGED | 63 RECOVERED DATE | VALUE |
|---|---|---|---|---|---|
| | | | | | |

☐ CONTINUED IN NARRATIVE

## DOLLAR VALUE

| 64 MOTOR VEHICLE | 65 CURRENCY, NOTES | 66 JEWELRY | 67 CLOTHING/FURS | 68 FIREARMS | 69 OFFICE EQUIPMENT |
|---|---|---|---|---|---|
| S R D C | S R D C | S R D C | S R D C | S R D C | S R D C |

| 70 ELECTRONICS | 71 HOUSEHOLD | 72 CONSUMABLE GOODS | 73 LIVESTOCK | 74 MISCELLANEOUS |
|---|---|---|---|---|
| S R D C | S R D C | S R D C | S R D C | S R D C |

## VEHICLES

**75 CHECK CATEGORIES** ☐1 STOLEN ☐2 RECOVERED ■ SUSPECTS VEH. ☐4 VICTIMS VEH. ☐5 UNAUTH. USE ☐6 ABANDONED

**76 # STOLEN**  **77 LIC.**  **78 LIS.**  **79 LIY.**  **80 TAG COLOR**  **81 VIN**

**82 VYR**  **83 VMA** DODG  **84 VMO** STR  **85 VST** NK  **86 VCO** TOP: PURPLE BOTTOM:  **87 ADDITIONAL DESCRIPTION** CUSTOM WHEELS

**STOLEN MTR. VEH ONLY**  **88 AREA STOLEN** ☐1 BUS. ☐2 RES. ☐3 RUR.  **89 OWNERSHIP VERIFIED BY** ☐1 TAG RECEIPT ☐2 BILL OF SALE ☐3 TITLE ☐4 OTHER  **90 WARRANT SIGNED** ☒N ☐Y #

**91 AUTO INSURER NAME (COMPANY) ADDRESS**  **92 PHONE**

**MOTOR VEH. RECOVERY ONLY REQUIRED FOR 24xx UCR CODE**  **93 STOLEN IN YOUR JURISDICTION?** Y ☒N WHERE?  **94 RECOVERED IN YOUR JURISDICTION?** Y ☒N WHERE?

TYPE OR PRINT IN BLACK INK  ACJIC-32 REV. 6-94

INCHES  1  2  3  4  5  6