IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY HORNE, #180206, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06-CV-968-WKW |
| | ) |
| GWENDOLYN MOSLEY, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 26, 2007, the petitioner, Gary Horne ["Horne"], filed a motion to dismiss wherein he requests that this court "to dismiss his petition without prejudice" so that he may present "newly discovered issues to the state courts" and "can argue his newly discovered issues to this Honorable Court if necessary, exhausting all state remedies without being procedurally barred." *Motion to Dismiss - Court Doc. No. 19* at 1.

Upon consideration of Horne's motion to dismiss and as dismissal will in no way prejudice the respondents, the court concludes that the motion is due to be granted and this case dismissed without prejudice to allow Horne the opportunity to exhaust any state remedy available to him.[1]

---

[1] The court makes no determination of whether there are state remedies available to the petitioner wherein the state courts will entertain the merits of petitioner's newly discovered claims. Moreover, this Recommendation shall not be construed as requiring the state courts to entertain claims which would otherwise be subject to procedural restrictions contained in the state's procedural rules.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petitioner's motion to dismiss be granted and the petition be dismissed without prejudice.[2]

It is further

ORDERED that on or before February 12, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

---

[2] The Alabama Supreme Court denied Horne's petition for writ of certiorari on October 13, 2006. *Respondents' Exhibit I*. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Thus, the second degree assault conviction challenged by Horne in this federal habeas petition only became final on January 11, 2007 as this is the date his time expired for filing a petition for writ of certiorari with the United States Supreme Court. In light of the foregoing, it is clear that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) does not pose a concern in the dismissal of this case. However, the petitioner is advised that any subsequent federal habeas petition will be subject to the one-year statute of limitations applicable to section 2254 petitions and he should therefore act with diligence in exhausting his claims in the state courts. Additionally, the parties are advised that dismissal of this case will not render a subsequent § 2254 petition filed by Horne successive.

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      Done this 29th day of January, 2007.

      /s/Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE